1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
                                        AT SEATTLE

9

10    PARS EQUALITY CENTER, et al.,                 CASE NO. C18-1122JLR

11                          Plaintiffs,             ORDER GRANTING
                                                    PLAINTIFFS' MOTION TO
            v.                                      PROCEED IN PSEUDONYM
12
      MIKE POMPEO, et al.,
13
                            Defendants.
14

15                          I.        INTRODUCTION

16         Before the court is Plaintiffs John Doe 1, John Doe 2, John Doe 3, and Jane

17    Doe 1's (collectively, "Doe Plaintiffs") motion to proceed under pseudonym.  (Mot. (Dkt.

18    # 20).)  No party filed an opposition to the motion.  (*See generally* Dkt.)  The court has

19    reviewed the motion, the relevant portions of the record, and the governing law.  Being

20    fully advised, the court GRANTS Doe Plaintiffs' motion.

21    //

22    //

## II. BACKGROUND

Doe Plaintiffs are among a putative class of plaintiffs who challenge Defendants' implementation of the waivers provision of Presidential Proclamation No. 9645, "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public Safety Threats." (*See* Compl. (Dkt. # 1).) On the same day they filed suit, Doe Plaintiffs moved to proceed in pseudonym. (*See* Mot.) Doe Plaintiffs filed a number of declarations in support of their motion. (*See* John Doe 1 Decl. (Dkt. # 21); John Doe 2 Decl. (Dkt. # 22); John Doe 3 Decl. (Dkt. # 23); Jane Doe 1 Decl. (Dkt. # 24); Walder Decl. (Dkt. # 25).) As mentioned above, no party filed a response to Doe Plaintiffs' motion. (*See generally* Dkt.)

## III. ANALYSIS

Under the court's Local Rules, "if a party fails to file papers in opposition to a motion," the court may consider such failure "as an admission that the motion has merit." *See* Local Rules W.D. Wash. LCR 7(b)(2). Because no Defendant has filed papers in opposition to Doe Plaintiffs' motion, the court considers this as an admission on the part of Defendants that Doe Plaintiffs' motion is meritorious.

Generally, under Federal Rule of Civil Procedure 10(a), a plaintiff must name all of the parties in the title of the complaint. *See* Fed. R. Civ. P. 10(a). A party is permitted to use pseudonyms in a civil action, however, if "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (internal citations omitted). The court should determine the prejudice at each stage

1  of the proceedings to the opposing party, whether the proceedings may be structured so

2  as to mitigate that prejudice, and whether the public's interest in the case would be best

3  served by requiring that the litigants reveal their identities. *Id.*

4  The court finds that Doe Plaintiffs have established a prima facie case that their

5  need for anonymity outweighs prejudice to Defendants and the public's interest in

6  knowing Doe Plaintiffs' identities at this early stage of the litigation. First, if Defendants

7  perceived some prejudice as a result of Doe Plaintiffs' anonymity, they could have filed a

8  response to the motion; however, they choose not to do so. Second, the substance of Doe

9  Plaintiffs' claims is fully accessible to the public (*see, e.g.*, Compl.), and disguising Doe

10  Plaintiffs' identities will not obstruct the public's scrutiny of the important issues in the

11  case. *See Does I thru XXIII*, 214 F.3d at 1072. Finally, the court considers Defendants'

12  failure to file any opposition to Plaintiffs' motion as an admission that the motion has

13  merit. *See* Local Rules W.D. Wash. LCR 7(b)(2). Accordingly, the court grants

14  Plaintiffs' motion to proceed pseudonymously. The court will revisit the issue if, at a

15  later stage of the proceedings, Defendants so move. *See Does I thru XXIII*, 214 F.3d at

16  1069 (recognizing "that the balance between a party's need for anonymity and the

17  interests weighing in favor of open judicial proceedings may change as the litigation

18  progresses"); *Al Otro Lado, Inc. v. Nielsen*, Case No. 17-CV-02366-BAS-KSC, 2017 WL

19  6541446, at *8 (S.D. Cal. Dec. 20, 2017) (noting that defendants may challenge party

20  anonymity "at a later stage of the proceedings").

21  //

22  //

# IV.  CONCLUSION

Based on the foregoing analysis, the court GRANTS Doe Plaintiffs' motion to proceed pseudonymously (Dkt. # 20).

Dated this 22nd day of August, 2018.

_____

The Honorable James L. Robart
U.S. District Court Judge