THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARS EQUALITY CENTER; ONEAMERICA; PAMELA WHITEHALL RAGHEBI; AFSHIN RAGHEBI; ZEINAB MOHAMED HASSAN; SIRAJI ETHA SIRAJI; MALAYEEN AHMED; REZA AZIMI; YAHYA GHALEB; MITRA HANNANI; NICHOLAS HANOUT; HOSSEIN ZAMANI HOSSEINABADI; JOHN DOES #1-3; and JANE DOE #1,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE POMPEO; KIRSTJEN NIELSEN; KEVIN K. MCALEENAN; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. DEPARTMENT OF STATE; and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | No. 2:18-cv-1122<br><br>**JOINT STATUS REPORT** |

JOINT STATUS REPORT
NO. 2:18-CV-1122

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

COME NOW THE PARTIES, collectively referenced herein as the "Parties," and submit their Joint Status Report to this Court after their Fed. R. Civ. P. 26(f) Conference on September 18, 2018.

1. **Nature and Complexity of the Case.** Plaintiffs are challenging Defendants' implementation of the waiver provision of Presidential Proclamation No. 9645, "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States By Terrorists or other Public-Safety Threats" ("Proclamation"). Plaintiffs assert claims under the Administrative Procedure Act and the Constitution, and seek injunctive and other equitable relief from the Court. In response, Defendants have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

2. **Deadline for Joinder of Additional Parties.** The Parties propose a deadline of November 21, 2018 for joining additional parties.

3. **Consent to Assignment to Magistrate Judge**: No.

4. **Discovery Plan:** The Parties attended an FRCP 26(f) Conference on September 18, 2018 by telephone and propose the following discovery plan:

   a. Initial Disclosures: Per the September 4 Order, the Parties exchanged Initial Disclosures on October 2. Plaintiffs believe that the Initial Disclosures served by Defendants are inadequate and reserve the right to move the court to compel more adequate disclosures.

   b. Subjects, timing and potential phasing of discovery:

Plaintiffs propose that:

   i. Phase I of discovery will involve production of the Administrative Record. Per Plaintiffs' motion to compel the Administrative Record, the Record should have been filed October 2. Once review of the record is complete, Plaintiffs may seek to compel supplementation of the record.

JOINT STATUS REPORT - 1
NO. 2:18-CV-1122

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

ii. Phase II will consist of any discovery necessary for class certification discovery.

iii. Phase III will consist of any remaining discovery relevant to the merits.

Defendants assert that discovery should not proceed until such time as the Court has ruled on Defendants' motion to dismiss. Defendants have moved to dismiss on the ground that there are no agency decisions subject to review under the Administrative Procedure Act ("APA"). If the Court does not dismiss the entire case and instead identifies a final agency action that is subject to review under the APA, any discovery should be limited to the administrative record before the agency at the time the action under review was taken. *See* 5 U.S.C. § 706; *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). Defendants maintain that, to date, Plaintiffs have failed to identify what, if any, specific final agency action they are challenging, and therefore which administrative record they believe should be produced. Plaintiffs disagree and contend that the Complaint identifies the final agency actions challenged. It is Defendants' position that if the case is not dismissed and Plaintiffs' challenge is better defined, Defendants will produce an administrative record with their Answer to the Complaint, as contemplated in LCR 79(h).

c. Electronically stored information: Both Parties will likely have electronically stored information. Plaintiffs anticipate that the vast majority of electronically stored information will be in Defendants' possession.

d. Privilege issues: The Parties anticipate that the Defendants will assert various privileges. Any document withheld in full or in part on the basis of a privilege by either Party will be identified on a log with sufficient particularity to allow assessment of the privilege. To the extent documents are withheld from the administrative record or this Court directs discovery beyond the administrative record, Defendants will provide

JOINT STATUS REPORT - 2
NO. 2:18-CV-1122

Plaintiffs with a privilege log.

e. Proposed limitations on discovery:  Plaintiffs will not be in a position to determine whether the presumptive limits on numbers of depositions and interrogatories under Rules 30 and 33 are adequate until access to the Administrative Record has been provided.  Defendants take the position there should be no discovery until their Rule 12 motion is decided. If the case is not dismissed in whole, Defendants believe that any discovery should be limited to the administrative record.  If this Court authorizes discovery beyond the administrative record, Defendants believe the limits on depositions and interrogatories under Rules 30 and 33 are appropriate.

f.  The need for any discovery related orders:  Plaintiffs have filed a motion to compel production of the Administrative Record and Defendants' initial disclosures. Defendants will oppose the motion. Further, Defendants plan to file motions (i) to stay discovery pending resolution of the Rule 12 motion, and (ii) for a protective order to limit any discovery to the administrative record of the agency decision that the Court identifies as subject to APA review.

5. **The Parties Views, Proposals and Agreements on Local Rule 26(f)(1) Items:**

a. Prompt case resolution: Plaintiffs believe that assessment of potential for prompt case resolution is premature until the Administrative Record has been produced. Subject to assessment of the Administrative Record, plaintiffs will promptly evaluate the case for potential injunctive relief.  The Defendants have filed a Rule 12 motion.

b. Alternative dispute resolution:  The Parties agree this case is not a candidate for alternative dispute resolution.

c. Related cases:  Plaintiffs designated this case as related to *Doe v. Trump*, 2:17-cv-0178-JLR.  *See* ECF 39. As Plaintiffs set out in their September 24, 2018 Opposition to Defendants' Motion to Transfer Venue, the *Doe* complaint includes allegations and claims relating specifically to the Proclamation's waiver provision and the manner in which it would

JOINT STATUS REPORT - 3
NO. 2:18-CV-1122

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

be implemented. As argued in their September 6, 2018, Motion to Transfer Case, Defendants do not agree that this case is related to *Doe*. Instead, Defendants believe this case is related to *Emami, et al. v. Nielsen, et al.*, No. 18-cv-01587-JD (N.D. Cal. filed Mar. 13, 2018). *Emami* is a putative class action case that raises substantially similar issues and was filed on behalf of a putative class that is defined in almost the same way as the putative class here.

      d.   Discovery management: Plaintiffs are amenable to sharing discovery from third parties, scheduling case management or discovery conferences and presenting discovery disputes to the court by informal means. To the extent discovery proceeds and is not limited to the administrative record, Defendants are amenable to scheduling case management or discovery conferences and presenting discovery disputes to the court by informal means, when appropriate. The Parties do not consent to presenting discovery issues to a magistrate judge.

      e.   Anticipated discovery sought: Plaintiffs anticipate that they will seek discovery on their constitutional claims, including depositions, written party discovery and third party discovery.  Plaintiffs will not be in a position to determine whether the presumptive limits on numbers of depositions and interrogatories under Rules 30 and 33 are adequate until access to the Administrative Record has been provided.  Defendants maintain that, should this case not be dismissed under Rule 12, discovery should be limited to the administrative record of the agency decision that the Court identifies as subject to APA review.  Defendants will produce an administrative record with their Answer to the Complaint, as contemplated in LCR 79(h).  If the case is not limited to record review, Defendants anticipate taking discovery from Plaintiffs on both class certification and the merits.

      f.   Phasing motions: Plaintiffs anticipate filing a motion for class certification. Following production of the complete Administrative Record, Plaintiffs will assess the potential for moving for preliminary injunctive relief.  Defendants have filed (i) a motion to transfer, and (ii) a Rule 12 motion, and may seek to stay proceedings pending resolution of the Rule 12 motion.

JOINT STATUS REPORT - 4
NO. 2:18-CV-1122

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

    g. Preservation of discoverable information: Plaintiffs have issued document holds.  Defendants have issued document holds.

    h. Inadvertent Production of Privilege issues:  The Parties are willing to meet and confer as to entry of an order governing inadvertent production of privileged information in accordance with Rule of Evidence 502(d).

    i & j. Model Protocol for Discovery of ESI and alternatives to Model Protocol: The Parties will discuss the suitability of an ESI protocol when the scope of discovery and potential ESI issue is clearer.

  6. **Discovery Deadline.** The Plaintiffs propose a discovery deadline of nine months from the date of production of the Administrative Record.  Plaintiffs propose that class certification discovery be completed three to four months after production of the Administrative Record, and that an additional period of merits discovery follow that.  Depending on timing and extent of the Administrative Record and discovery ordered, Plaintiffs anticipate merits discovery can be completed 6 months after class certification discovery. Defendants do not believe discovery is appropriate.  Should discovery proceed in this case, it should be limited to the administrative record of the agency decision that the Court identifies as subject to APA review. Defendants will produce an administrative record with their Answer to the Complaint, as contemplated in LCR 79(h) and do not believe any other discovery deadline is necessary.

  7. **Bifurcation.** Bifurcation is unnecessary.

  8. **Rule 16 Pretrial Statement and Pretrial Order**: The Parties do not believe the standard Rule 16 pretrial statements and pretrial order shall be dispensed with.

  9. **Individualized Trial Program**: The Parties agree this matter is not a candidate for the individualized trial program.

  10. **Shortening the Case.** The Plaintiffs will evaluate the case for potential interim injunctive relief once the Administrative Record has been produced.  The Defendants have filed a Rule 12 motion.

JOINT STATUS REPORT - 5
NO. 2:18-CV-1122

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

11.     **Proposed Trial Date.** Plaintiffs believe the case will be ready for trial ten months from production of the Administrative Record, i.e., if the Administrative Record is produced promptly, the case will be ready for trial in August 2019. If this Court finds dismissal is inappropriate, Defendants believe this case should be resolved through summary judgment motions based on the administrative record.

12.     **Jury Trial.** Should this Court find trial necessary, the Parties agree that this would be a non-jury trial.

13.     **Length of Trial.** Plaintiffs believe this will require assessment of the Administrative Record. Defendants believe this case should be resolved through summary judgment motions based on the administrative record.

14.     **Trial counsel.** Darin Sands, Jessica Walder, and Aaron Fickes of Lane Powell PC will serve as trial counsel for Plaintiffs. August E. Flentje, Gisela Westwater, David Kim, and Nicole Grant will serve as trial counsel for Defendants.

15.     **Trial counsel conflicts**. The Parties have not identified any conflicts.

16.     **Service of Process.** All Defendants have been served.

17.     **Scheduling Conference.** Plaintiffs believe an initial scheduling conference would be helpful, and that it would be most efficient to schedule this in conjunction with a hearing on the Defendants' Rule 12 motion, which Plaintiffs plan to request in their Opposition to Defendants' motion. Defendants believe that a scheduling conference should be delayed until after the Court resolves Defendants' pending motion to dismiss.

18.     **Corporate Disclosures**: Plaintiffs filed corporate disclosures on August 8, 2018 (ECF 48 & 49). Defendants are exempt from corporate disclosures under LCR 7.1.

JOINT STATUS REPORT - 6
NO. 2:18-CV-1122

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

Respectfully submitted on this the **9th** day of October, 2018.

                        LANE POWELL, PC

By: *s/Darin Sands*
    Darin Sands, WSBA No. 36865
By: *s/Dustin O'Quinn*
    Dustin O'Quinn
    *Admitted Pro Hac Vice*
By: *s/Jessica Walder*
    Jessica Walder, WSBA No. 47676
By: *s/Aaron Fickes*
    Aaron Fickes, WSBA No. 51584
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone: 206-223-7000
Facsimile: 206-223-7107
Emails: sandsd@lanepowell.com
        oquinnd@lanepowell.com
        walderj@lanepowell.com
        fickesa@lanepowell.com

*Attorneys for Plaintiffs*

| NATIONAL IMMIGRATION LAW CENTER | IRANIAN AMERICAN BAR ASSOCIATION |
|---|---|
| By: *s/Esther H. Sung*<br>    Esther H. Sung<br>    *Admitted Pro Hac Vice*<br>By: *s/Joshua Stehlik*<br>    Joshua Stehlik<br>    *Admitted Pro Hac Vice*<br>By: *s/Melissa S. Keaney*<br>    Melissa S. Keaney<br>    *Admitted Pro Hac Vice*<br>3450 Wilshire Blvd. #108-62<br>Los Angeles, CA  90010<br>Telephone:  (213) 639-3900<br>Emails:  sung@nilc.org<br>        stehlik@nilc.org<br>        keaney@nilc.org<br><br>*Attorneys for Plaintiffs* | By: *s/Babak G. Yousefzadeh*<br>    Babak G. Yousefzadeh<br>    *Admitted Pro Hac Vice*<br>5185 MacArthur Blvd. NW, Suite 624<br>Washington, DC  20016<br>Telephone:  (415) 774-3191<br>Email:  President@iaba.us<br><br>*Attorney for Plaintiffs* |

JOINT STATUS REPORT - 7
NO. 2:18-CV-1122

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

| | | |
|---|---|---|
| 1 | | |
| 2 | ARNOLD & PORTER KAYE SCHOLER LLP | COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA |
| 3 | By: *s/John A. Freedman* | By: *s/Brittney Rezaei* |
| | John A. Freedman | Brittney Rezaei |
| 4 | *Admitted Pro Hac Vice* | *Admitted Pro Hac Vice* |
| | 601 Massachusetts Avenue, N.W. | By: *s/Zahra A. Billoo* |
| 5 | Washington, DC  20001-3743 | Zahra A. Billoo |
| | Telephone:  (202) 942-5000 | *Admitted Pro Hac Vice* |
| 6 | Email:  john.freedman@arnoldporter.com | 3160 De La Cruz Blvd., Suite 110 |
| | | Santa Clara, CA 95054 |
| 7 | *Attorney for Plaintiff* | Telephone:  (408) 986-9874 |
| | | Emails: brezaei@cair.com |
| 8 | | zbilloo@cair.com |
| 9 | | *Attorneys for Plaintiffs* |
| 10 | ADVANCING JUSTICE – ASIAN LAW CAUCUS | US DEPARTMENT OF JUSTICE |
| 11 | | By: JOSEPH H. HUNT |
| | By: *s/Elica S. Vafaie* | Assistant Attorney General |
| 12 | Elica S. Vafaie | |
| | *Admitted Pro Hac Vice* | SCOTT G. STEWART |
| 13 | By: *s/Christina Sinha* | Deputy Assistant Attorney General |
| | Christina Sinha | |
| 14 | *Admitted Pro Hac Vice* | AUGUST E. FLENTJE |
| | 55 Columbus Ave. | Special Counsel |
| 15 | San Francisco, CA  94111 | |
| | Telephone:  (415) 848-7771 | WILLIAM C. PEACHEY |
| 16 | Emails: elicav@advancingjustice-alc.org | Director, Office of Immigration |
| | christinas@advancingjustice-alc.org | Litigation District Court Section |
| 17 | | |
| | *Attorneys for Plaintiffs* | GISELA A. WESTWATER |
| 18 | | Assistant Director, Office of |
| | | Immigration Litigation District Court |
| 19 | | Section |
| 20 | | *s/Nicole P. Grant* |
| | | DAVID KIM |
| 21 | | NICOLE P. GRANT |
| | | Trial Attorneys |
| 22 | | U.S. Department of Justice |
| | | Civil Division |
| 23 | | Office of Immigration Litigation |
| | | P.O. Box 878, Ben Franklin Station |
| 24 | | Washington, D.C. 20044 |
| | | Phone: (202) 532-4094 |
| 25 | | |
| | | *Attorneys for the Federal Defendants* |
| 26 | | |
| 27 | | |

JOINT STATUS REPORT - 8
NO. 2:18-CV-1122

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

JOINT STATUS REPORT - 9
NO. 2:18-CV-1122

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

# CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under the laws of the United States and the laws of the State of Washington, that on the 9th day of October, 2018, the foregoing document will be served electronically upon registered participants identified on the Notice of Electronic Filing.

Executed on the 9th day of October, 2018, at Seattle, Washington.

*s/ Jessica Walder*
Jessica Walder, WSBA No. 47676
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone: 206-223-7000
Facsimile: 206-223-7107
Email:  walderj@lanepowell.com
*Attorneys for Plaintiffs*

JOINT STATUS REPORT - 10
NO. 2:18-CV-1122

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107